Robert D. BERRY, Appellant,

v.

John E. BOURNE, Mayor of the City of North Charleston, Pete B. Adams, James V. Edwards, Oatman C. Gerald, Robert A. Ankersen, Jr., Patsy W. Hughes and R. E. Zipperer, members of the city council of the City of North Charleston, City of North Charleston and James E. Gonzales, Appellees.

No. 78–1497.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 5, 1978.

Decided Dec. 5, 1978.

---

1. Taxpayer has not alleged a violation of 26 U.S.C. § 7605(b), which limits second inspections.

David G. Jennings, Charleston Heights, S. C. (Goodstein & Jennings, P. A., Charleston Heights, S. C., on brief), for appellant.

James E. Gonzales, City Atty., North Charleston, S. C., for appellees.

Before HAYNSWORTH, Chief Judge, BRYAN, Senior Circuit Judge, and RUSSELL, Circuit Judge.

DONALD RUSSELL, Circuit Judge:

The plaintiff/appellant sought an injunction against the annexation of a contiguous area by the defendant/appellee City of North Charleston. It is the contention of the plaintiff, a resident and registered elector of the area to be annexed, that the statutory authority for the proposed annexation violates the equal protection clause of the Fourteenth Amendment. He asserts federal jurisdiction under §§ 1331, 1343(3) and 1343(4), 28 U.S.C. and grounds his action on § 1983, 42 U.S.C. After the filing of his complaint he moved the district court for a preliminary injunction against the annexation. The district court denied the motion on the ground that the plaintiff had not shown the "likelihood of success" on his constitutional claim. From that denial he has appealed. We affirm.

The statute under which the defendants propose to annex the area in controversy is § 5–3–150, Code of Laws of South Carolina (1976).[1] It authorizes the governing body of any city in South Carolina, upon the filing of a petition signed by seventy-five percent or more of the freeholders in any area contiguous to the city requesting annexation, to annex such area by the adoption of an appropriate resolution. The plaintiff, one of thirteen registered voters living in the area proposed to be annexed,[2] asserts that the statute, by denying to the registered voters the right to vote on the annexation, violates the rights of the registered voters under the equal protection clause.

*Hunter v. Pittsburgh* (1907) 207 U.S. 161, 178–179, 28 S.Ct. 40, 52 L.Ed. 151, declared

---

1. § 5–3–150. Alternate methods where petition signed by all or seventy-five percent of landowners.

   (1) *Any area or property which is contiguous to a city or town may be annexed to the city or town by filing with the municipal governing body a petition signed by seventy-five percent or more of the freeholders, as defined in § 5–3–240 owning at least seventy-five percent of the assessed valuation of the real property in the area requesting annexation. Upon the agreement of the governing body to accept the petition and annex the area, and the enactment of an ordinance declaring the area annexed to the city or town, the annexation shall be complete and the election provided for in §§ 5–3–50 through 5–3–270 shall not be required. No member of the governing body who owns property or stock in a corporation owning property in the area pro-*posed to be annexed shall be eligible to vote on such ordinance. This method of annexation shall be in addition to any other methods authorized by law;* * * *.

2. The area to be annexed consists of five tracts of land aggregating about 32 acres. In excess of 400 persons reside in the area but only 13 are registered electors or voters. The reason for the low voter registration is the apparent temporary residence within the area of most of the residents. The vast majority of the persons live in mobile home units and, in many instances, are members of either the Navy or Air Force. There is just one dwelling house in the entire area. There are 14 apartment units but there is not one registered voter living in any of those apartments. The remaining residences are mobile home units. The plaintiff is a tenant of a trailer park.

that annexation by a city or town is purely a state political or legislative matter, entirely within the power of the state legislature to regulate. Its language was sufficiently broad, as an unfriendly commentator has observed, "to dispose of every conceivable challenge to annexation."[3] And that has been the uniform construction given the decision in subsequent court rulings with one exception. Thus, it has been held to foreclose attacks on a state procedure specifically on either due process or equal protection grounds.[4] The single exception to the rule, which subsequent decisions have established, is confined to challenges resting on alleged racial discrimination.[5] We are not concerned here with a racial claim, only with an equal protection claim.

The decisions of this court have followed *Hunter.* We recently declared that, under its annexation statutes, "South Carolina need not grant anyone the right to vote on annexation." *Hayward v. Clay* (4th Cir. 1978) 573 F.2d 187, 190, and we earlier approved a district court holding in a Virginia annexation case, again relying on *Hunter,* that there is no "basis for an equal protection claim when on one is granted the right to vote on the matter" of annexation. *Citizens Com. to Op. Annex. v. City of Lynchburg, Va.* (W.D.Va.1975) 400 F.Supp. 68, 75, *modified on other grounds* (4th Cir.), 528 F.2d 816, *app. denied* 423 U.S. 1043, 96 S.Ct. 766, 46 L.Ed.2d 632 (1976). That is this case.

The plaintiff urges that *Hunter* and the many cases which have followed it must be considered to have been overruled by the later decisions in *Cipriano v. City of Houma* (1969) 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647; *Kramer v. Union School District* (1969) 395 U.S. 621, 89 S.Ct. 1886, 23

L.Ed.2d 583, and similar authorities. Those decisions, however, are inapplicable here. We emphasize again that neither freeholders nor electors as such are given the right to vote on annexation under the statute in question; that right is given exclusively to the governing board of the annexing city. It is true that three-fourths of the freeholders in the area to be annexed must request annexation before the governing body of the annexing city may consider annexation. This is a common preliminary prerequisite for authorization of an annexation, whether by an election or by action of the annexing city's governing board. But the important fact is that the action of the freeholders in signing the request for annexation does not authorize annexation. Annexation depends wholly on the favorable vote of the governing body of the annexing city. This is the crucial action and on that neither freeholders nor electors as such have a vote. Since the electors of the municipality of the area to be annexed are not given the right to vote under the challenged statute, the application of the statute poses no equal protection issue.

The procedure here is similar to that which was sustained in *Adams v. City of Colorado Springs, supra* (308 F.Supp. at 1404), where the court said:

> In upholding this statute we are, of course, mindful that the Supreme Court's decision in *Hunter v. City of Pittsburgh,* * * * continues to be the law, and we are not at liberty to limit the effect of this decision by grafting the voting rights decisions on to this annexation body of law.

The plaintiff cites *Heyward v. Clay* as contrary to the view here expressed. That case, however, involved an alternative pro-

---

3. Note, *The Right to Vote in Municipal Annexations,* 88 Harv.L.Rev. 1571, 1579 (1975).

4. *Deane Hill Country Club, Inc. v. City of Knoxville* (6th Cir. 1967) 379 F.2d 321, 324–325, *cert. denied* 389 U.S. 975, 88 S.Ct. 476, 19 L.Ed.2d 467; *Murphy v. Kansas City, Missouri* (W.D.Mo.1972) 347 F.Supp. 837, 844–845; *Doyle v. Municipal Commission of State of Minnesota* (D.Minn.1972) 340 F.Supp. 841, 844, *aff'd* (8th Cir.) 468 F.2d 620; *Adams v. City of*

*Colorado Springs* (D.Colo.1970) 308 F.Supp. 1397, 1403, *aff'd* 399 U.S. 901, 90 S.Ct. 2197, 26 L.Ed.2d 555; *Detroit Edison Co. v. East China Township School Dist. No. 3* (E.D.Mich.1965) 247 F.Supp. 296, 301, *aff'd* (6th Cir.) 378 F.2d 225, *cert. denied* 389 U.S. 932, 88 S.Ct. 296, 19 L.Ed.2d 284.

5. *Gomillion v. Lightfoot* (1960) 364 U.S. 339, 345, 81 S.Ct. 125, 5 L.Ed.2d 110.

vision for annexation under the South Carolina Code. This alternative procedure provided for an election on annexation on the basis of a petition of fifteen percent of the freeholders in the area to be annexed, as contrasted with the procedure prescribed by § 5–3–150, which, upon request of three-fourths of the freeholders in such area, empowered the governing body of the annexing city to decide on annexation without the participation of the voters of either the area to be annexed or of the annexing city. Clearly, if the statute before us had provided that annexation required the favorable vote of the freeholders of the area to be annexed and made no provision for voting by the electors of that area, the statute would be condemned as violative of the equal protection clause. However, that is not the procedure under the statute under review. There is, we repeat, no election either for freeholders or electors and *Heyward* is not in point.

We find nothing in the several decisions dealing with restrictions on the right to vote (characterized by the plaintiff as cases touching on the burden of the right to vote) applicable in the context of the issue before us. In all those cases cited by the plaintiff, there was to be an election and the constitutional attack was directed at restraints upon the right to vote in that election. The procedure challenged by the plaintiff in this case, however, involves no election; in fact, it is a procedure which does not contemplate an election. Consequently, we are not concerned with any unconstitutional limitations upon the right to vote in an election.

It might be noted that the plaintiff has not raised the point made in the Note in 88 *Harvard Law Review* at 1599–1600, that, because the electors in the area to be annexed had not voted for the members of the governing board of the annexing city, they had "not been able to participate equally in the annexation decision." Such an argument is supported by no authority and appears to us to be an extreme exercise in preciosity and without merit.

The decision of the district court denying a temporary injunction is accordingly

*AFFIRMED.*