RAINTREE HOMEOWNERS ASSOCIA-
TION, INC., et al., Plaintiffs,

v.

CITY OF CHARLOTTE, et
al., Defendants.

Nos. C–C–81–553–M, C–C–82–325–M.

United States District Court,
W. D. North Carolina,
Charlotte Division.

June 2, 1982.

Memorandum of Decision and Order
July 13, 1982.

James Hamilton, Robert L. Deitz, Susan
A. Cobb, Ginsburg, Feldman, Weil & Bress,
Washington, D. C., F. Lee Weaver, Weaver
& Bennett, P. A., Matthews, N. C., and
Hugh G. Casey, Charlotte, N. C., for plain-
tiffs.

Henry W. Underhill, Jr., City Atty., and
H. Michael Boyd, Deputy City Atty., Char-
lotte, N. C., for defendants.

## ORDER

McMILLAN, District Judge.

█ This matter is before the court on the plaintiffs' motion for a temporary restraining order. The action was filed on May 25, 1982. Notice was given to counsel for all parties on May 26, 1982, that a hearing would be held on this motion at 9:30 a. m. on May 27, 1982. Counsel for all parties appeared at such date and time.

The defendant City and its defendant Council members caused a resolution to be adopted on April 26, 1982, pursuant to N.C. G.S. § 160A–49(a), stating their intent to consider annexation of an area generally described as the Raintree/Providence Plantation Area. That area is further described in the resolution by a metes and bounds description. That same resolution called for a public hearing to be held on the question of annexing this area at 3:00 p. m. on May 27, 1982. Pursuant to N.C.G.S. § 160A–49(e), the defendant City and defendant Council members may not adopt any ordinance annexing any or all of the area until the seventh day following the public hearing.

In view of the facts presented to the court, and the decisions of *Hunter v. City of Pittsburgh*, 207 U.S. 161, 28 S.Ct. 40, 52 L.Ed. 151 (1907); *Gomillion v. Lightfoot*, 364 U.S. 339, 81 S.Ct. 125, 5 L.Ed.2d 110 (1960) and *Berry v. Bourne*, 588 F.2d 422 (4th Cir. 1978), it is unlikely that the plaintiffs will succeed in their Fourteenth Amendment claims. Further, the plaintiffs have not shown sufficient danger of irreparable injury to justify the relief they now seek.

IT IS THEREFORE ORDERED that the plaintiffs' motion for a temporary restraining order is denied.

## MEMORANDUM OF DECISION AND ORDER

### On Motions For Summary Judgment and Dismissal

The plaintiffs in these actions, filed under 42 U.S.C. § 1983, are residents of areas known as Coulwood (No. C–C–81–553–M), and Raintree/Providence Plantation (No. C–C–82–325–M) ("Raintree"). The City of Charlotte (the "City") has effectively annexed Coulwood and has adopted an ordinance which makes the annexation of the Raintree/Providence Plantation areas effective in 1983. The plaintiffs allege that as a result of these annexations, they have been deprived of constitutional rights guaranteed under the due process clause of the Fourteenth Amendment. Because dispositive legal issues are common to each case, these actions have been considered together.

## COULWOOD

The Coulwood area lies to the northwest of the center of Charlotte. Major roads running through Coulwood include Mount Holly, Tom Sadler and Valleydale as well as Bellhaven Boulevard. The area contains over 800 dwelling units and about 2,700 residents, and covers about 1,300 acres. The City's proposal to annex Coulwood describes the area as primarily residential with some commercial uses along Bellhaven Boulevard, Tom Sadler and Mount Holly Roads.

On March 24, 1980, the City Council adopted Annexation Ordinance 301–X annexing Coulwood into the City. The ordinance was challenged by Coulwood residents in Mecklenburg County Superior Court. By statute this stayed the effective date of the annexation. On September 10, 1980, that court entered an order affirming the annexation. The North Carolina Supreme Court affirmed the annexation on December 1, 1981. The Coulwood annexation became effective on December 21, 1981. This action was then filed on December 30, 1981. The plaintiffs are individual homeowners and residents of Coulwood.

## RAINTREE/PROVIDENCE PLANTATION

The Raintree and Providence Plantation areas lie to the southeast of the center of Charlotte. The area to be included within the City, includes, but is not limited to,

about 2,280 acres which are used for residential purposes. Much of the remaining acreage is used for commercial, industrial, institutional and governmental purposes.

On April 26, 1982, the City Council adopted a resolution to annex the Raintree and Providence Plantation areas. On May 25, 1982, the plaintiffs, the Raintree Homeowners Association and five individual residents of these areas, filed this action. No previous challenge to the annexation has been initiated in the state courts. At the plaintiffs' request, a hearing on a motion for a temporary restraining order to stop further action by the City was held on May 27, 1982. On June 2, 1982, an order was entered denying that motion.

On June 3, 1982, the City Council adopted Annexation Ordinance No. 1182–X annexing the Raintree and Providence Plantation areas. However, the annexation is not to become effective until May 30, 1983.

## MOTIONS BEFORE THE COURT

The City has moved to dismiss the Coulwood action on the grounds that the suit is barred by laches, *res judicata* and the statute of limitations, and that the plaintiffs lack standing. The City has moved to dismiss the Raintree/Providence Plantation action on grounds of comity and federalism, and assert that the plaintiffs lack standing and that there is no case or controversy before the court.

It is doubtful that these defenses bar either of the actions. However, final resolution of these issues is not necessary to the court's decision. The interests of the parties are best served by a prompt and complete decision on the merits of these cases.

## DUE PROCESS CLAIMS

On February 25, 1982, the Coulwood plaintiffs filed a motion for a partial summary judgment on their first cause of action. On June 14, 1982, the Raintree/Providence Plantation plaintiffs filed an identical motion.

The City, on May 26, 1982, filed a motion for dismissal of the entire cause of action for failure to state a claim and for summary judgment in the Coulwood case. On June 11, 1982, the City filed a motion to dismiss the Raintree/Providence Plantation action.

A hearing on these motions was conducted on June 22, 1982.

The plaintiffs state two causes of action in each case:

1. That N.C.G.S. § 160A–50(f), which governs judicial review by state courts of all annexations within the state, as interpreted by the North Carolina Supreme Court, is unconstitutional under the due process clause of the Fourteenth Amendment to the United States Constitution.

2. That the annexation by the City of Coulwood, or of Raintree/Providence Plantation, is arbitrary, capricious, unreasonable, and an abuse of discretion by the City in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

In support of these claims, the complaint in the Coulwood action alleges, *inter alia*, that:

Evidence in the Superior Court action demonstrated that the City acted improperly in drawing the boundaries of the annexed areas by including some tracts and not others.

Evidence showed that the City services were neither requested nor wanted by residents of Coulwood.

These allegations are essentially repeated in the Coulwood plaintiffs' motion for partial summary judgment. They contend that the facts before the Superior Court and the City Council were, *inter alia*, that:

The primary result of the annexation for Coulwood residents is higher taxes.

That city services were neither needed nor wanted by Coulwood residents.

That the City excluded a nearby area because it contains housing units of low value.

The Raintree/Providence Plantation plaintiffs allege in their complaint that, if permitted by N.C.G.S. § 160A–50(f), they would challenge the annexation with evidence that:

If the area belongs in any municipality, it should be Matthews (a nearby town) rather than Charlotte.

The City included Raintree and Providence Plantation but not the less affluent areas of Oakdale-Hunter Acres, which are in greater need of the City's services. The City has not annexed the very affluent area of Quail Hollow, which plaintiffs claim is closer to the center of town than are Raintree and Providence Plantation. The City has deleted certain areas to meet certain statutory standards.

The City's primary purpose is to raise tax revenue.

Raintree and Providence Plantation have services which are superior to those offered by the City.

The Raintree/Providence Plantation plaintiffs repeat these allegations as the undisputed material facts in support of their motion for partial summary judgment. Specifically, they state that, if permitted by the judicial review provision, they would introduce evidence in Superior Court to show the "unreasonableness" of the annexation. An affidavit by Larry L. Falcone, a Raintree resident and president of the Raintree Homeowners Association, is also offered in support of the Raintree/Providence Plantation motion for summary judgment. His assertions of fact are identical to those in the complaint and those in support of the motion for partial summary judgment.

The facts alleged by the plaintiffs to be undisputed are only offered in support of their motion for summary judgment on their first cause of action, which challenges the judicial review portion of the annexation laws. The plaintiffs are not asking for summary judgment on their claim that each of the challenged annexations is, in fact, arbitrary, capricious and unreasonable. Rather, they assert that it is undisputed that they would introduce evidence to try to show that the annexations are arbitrary, capricious and unreasonable if permitted to do so under the judicial appeal provision of the statute.

For the reasons discussed below, the court is of the opinion that the plaintiffs' motion in each action should be denied, and that the City's motions for dismissal for failure to state a claim should be granted in each action.

The Coulwood and the Raintree/Providence Plantation plaintiffs (the "plaintiffs") allege that N.C.G.S. § 160A–50(f) is unconstitutional under the due process clause of the Fourteenth Amendment to the United States Constitution because, as interpreted by the North Carolina Supreme Court, it denies them adequate review of the annexations in state court. The challenged provision states that:

(f) The court shall fix the date for review of annexation proceedings under this Part, which review date shall preferably be within 30 days following the last day for receiving petitions to the end that review shall be expeditious and without unnecessary delays. The review shall be conducted by the court without a jury. The court may hear oral arguments and receive written briefs, and may take evidence intended to show either

(1) That the statutory procedure was not followed, or

(2) That the provisions of G.S. 160A–47 were not met, or

(3) That the provisions of G.S. 160A–48 have not been met.

The statutory procedure referred to in (f)(1) is set out in N.C.G.S. § 160A–49. That provision requires notice of a public hearing, and sets out guidelines for the public hearing prior to an annexation. N.C.G.S. § 160A–47 requires the City to prepare maps and plans for the services to be provided to the annexed areas. N.C.G.S. § 160A–48 establishes guidelines for the character of areas to be annexed. Section 160A–48 requires certain contiguous boundaries between the City and the annexed area, and requires that part or all of the area be developed for urban purposes. Urban purpose is defined, in part, in terms of population and usage of the area to be annexed.

Plaintiffs assert that their Fourteenth Amendment rights are denied be-

cause § 160A–50(f) limits the grounds upon which they may challenge an annexation to those specifically enumerated in the statute and bars them from arguing that annexation is arbitrary, capricious and unreasonable. In *In Re Annexation Ordinance*, 303 N.C. 220, 278 S.E.2d 224 (1981), the North Carolina Supreme Court rejected the assertion that plaintiffs challenging Winston-Salem annexation had a right to argue that an annexation was arbitrary and unreasonable independent of the grounds listed in N.C. G.S. § 160A–50(f). The Court held that on review of an annexation, a Superior Court may only hear claims based upon the grounds set out in § 160A–50(f), and expressly stated, "Nor do we find a separate test of 'reasonableness' within the limited scope of judicial review permitted in annexation cases." 278 S.E.2d at 231.

Assuming, *arguendo*, that the due process clause of the Fourteenth Amendment gives the plaintiffs the right to argue on appeal that the annexations are unreasonable, the plaintiffs nonetheless would not be entitled to the relief they seek under their first cause of action. N.C.G.S. § 160A–50(f) and the provisions incorporated therein, amount to a requirement that the Superior Court determine whether an annexation is reasonable. The language of the provisions does not speak in terms of arbitrariness, capriciousness or unreasonableness. However, the effect of the statute is to give substantial protection against arbitrary, capricious and unreasonable acts by the City. Upon a challenge to North Carolina's annexation law shortly after its enactment in 1959, the North Carolina Supreme Court in *In Re Annexation Ordinances Nos. 866–870, etc.,* 253 N.C. 802, 117 S.E.2d 795 (1961), upheld the provisions, explaining that:

It certainly cannot be considered a mere shell or ritual of conformity when the governing body of a municipality, in good faith, obtains all the information required by the Act, with respect to the character of the area or areas to be annexed, the density of the resident population therein, the extreme boundaries thereof, and the percentage of such boundaries which are adjacent or contiguous to the municipality's boundaries, which must be at least one-eighth; and further provides or makes provision to extend all the governmental services to the newly annexed area or areas, comparable to the services provided for the residents within the city prior to annexation of the new area or areas.

117 S.E.2d at 802.

■ Further, the plaintiffs are not entitled to relief because their allegations do not bring them within the protection of the Fourteenth Amendment. In *Hunter v. Pittsburgh*, 207 U.S. 161, 178–79, 28 S.Ct. 40, 46–47, 52 L.Ed. 151 (1907), the United States Supreme Court held that challenges to annexations generally are not actionable under the Fourteenth Amendment. *Berry v. Bourne*, 588 F.2d 422 (4th Cir. 1978) makes it clear that *Hunter v. Pittsburgh* is still good law. In *Berry v. Bourne* the district court's dismissal of the plaintiff's motion for a preliminary injunction to stop an annexation was affirmed. The *Berry* plaintiffs claimed that the challenged annexation violated their rights under the equal protection clause of the Fourteenth Amendment because registered voters were not given an opportunity to vote on the annexation. *Hunter v. Pittsburgh, supra,* was cited by the court for the principle that:

[A]nnexation by a city or town is purely a state political or legislative matter, entirely within the power of the legislature to regulate.... Thus [*Hunter v. Pittsburgh*], has been held to foreclose attacks on a state procedure specifically on either due process or equal protection grounds.

588 F.2d at 424.

■ Exceptions to the rule that challenges to annexations do not generally lie under the Fourteenth Amendment have been recognized in limited circumstances. A city may not manipulate its boundaries for the purpose of removing voters from the city because of their *race; Gomillion v. Lightfoot*, 364 U.S. 339, 345, 81 S.Ct. 125, 129, 5 L.Ed.2d 10 (1960). If the state chooses to give residents of an area to be an-

nexed an opportunity to vote on the annexation, that right must be afforded in a manner which comports with the *equal protection* clause, *Hayward v. Clay*, 573 F.2d 187 (4th Cir. 1978) (If the right to vote is given, all registered voters, not just freeholders, must be allowed to vote). However, these limited exceptions are not invoked by the allegations in the actions before the court.

Implicit in those decisions is the principle that fairness requires that those who share in the benefits of a nearby city bear a proportionate share of the costs of providing those benefits.

The allegations in the actions before the court describe a conflict between people who now live just outside Charlotte, but who derive benefit from the City, and City officials who are obliged to seek funding for the benefits the City provides. These cases thus fall squarely within the letter and the spirit of the law that state legislatures have the responsibility for deciding where and how issues arising out of annexation are to be resolved.

Thus, taking all of the plaintiffs' allegations and showings as true, *Hunter v. Pittsburgh, supra,* and *Berry v. Bourne, supra,* make it clear that neither cause of action, in either of these cases, presents a basis upon which relief could be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiffs' motions for partial summary judgment are denied.

2. The defendants' motions for dismissals are allowed.

3. These actions are dismissed.