**Floyd C. and Ruby S. BALDWIN, William Edward Kirby, Jr. and Brenda Head Kirby, Richard B. and Frances S. Charles, Plaintiffs,**

**and**

**Raymond and Dorothy Wigley, Intervenors,**

**v.**

**CITY OF WINSTON–SALEM, Mayor Wayne A. Corpening, Vivian H. Burke, Marilyn S. Harpe, Larry D. Little, Virginia K. Newell, Robert S. Northington, Jr., Ernestine Wilson, Larry W. Womble and Martha S. Wood, Defendants.**

**No. C–81–838–WS.**

United States District Court,
M. D. North Carolina,
Winston-Salem Division.

July 28, 1982.

Rosbon D. B. Whedbee, Winston-Salem, N. C., James Hamilton, Robert L. Deitz and Susan Cobb of Ginsburg, Feldman, Weil & Bress, Washington, D. C., for plaintiffs.

Roddey M. Ligon, Jr. of Womble, Carlyle, Sandridge & Rice, and Ronald G. Seeber, City Atty., and Ralph D. Karpinos, Asst. City Atty., Winston-Salem, N. C., for defendants.

## MEMORANDUM OPINION AND ORDER

HIRAM H. WARD, Chief Judge.

The Complaint (December 16, 1981) alleged a fourteenth amendment attack on the North Carolina annexation statutes, N.C.Gen.Stat. §§ 160A–45 *et seq.,* and the annexation by the City of Winston-Salem of the plaintiffs' property. No one disputes that in annexing the plaintiffs' property the City accurately followed the procedure set forth in the statutes and that the annexation was completed and implemented before the plaintiffs began this lawsuit. The parties have filed cross-motions for summary judgment.

Plaintiffs seek a declaratory judgment that portions of the statutes are unconstitutional. In particular, they claim that N.C.

Gen.Stat. § 160A–50 restricts state court review of annexations and prevents annexation challenges based on due process grounds. Motion (February 17, 1982). Defendants seek dismissal of the entire action on numerous grounds, including: failure to state a claim upon which relief can be granted, statute of limitations bar, laches, res judicata and collateral estoppel, and lack of standing. The North Carolina Supreme Court has already upheld this same annexation in a suit brought by different landowners represented by different attorneys. *In Re Annexation Ordinance, Etc.,* 303 N.C. 220, 278 S.E.2d 224 (1981). This Court conducted a hearing on the motions on July 26, 1982.

Both the United States Supreme Court and the Fourth Circuit Court of Appeals have unequivocally resolved the dispositive legal issue presented in this case. In *Berry v. Bourne,* 588 F.2d 422, 423–424 (4th Cir. 1978), the court stated:

> *Hunter v. Pittsburgh* (1907) 207 U.S. 161, 178–179, 28 S.Ct. 40 [46], 52 L.Ed. 151, declared that annexation by a city or town is purely a state political or legislative matter, entirely within the power of the state legislature to regulate. Its language was sufficiently broad, as an unfriendly commentator has observed, "to dispose of every conceivable challenge to annexation." . . . Thus, it has been held to foreclose attacks on a state procedure specifically on either due process or equal protection grounds.

*Accord, Carlisle v. City of Charlotte,* (W.D.N.C.1982) (C–C–81–553–M, July 13, 1982).

This Court is bound to follow the decision of the Fourth Circuit and cannot distinguish its firm language from the facts of this case.[1] Plaintiffs fail to state a claim upon which relief can be granted under the fourteenth amendment.

IT IS, THEREFORE, ORDERED that plaintiffs' Motion for Partial Summary Judgment be, and the same hereby is, DE-NIED. IT IS FURTHER ORDERED that defendants' Motion for Summary Judgment be, and the same hereby is, GRANTED.

A judgment dismissing this action will be entered accordingly.

---

1. Exceptions to the rule stated in *Berry v. Bourne,* 588 F.2d 422, 423–424 (4th Cir. 1978), do not arise in this case.