710 F.2d 132
 Floyd C. BALDWIN; Ruby S. Baldwin; William Edward Kirby,
Jr.; Brenda Head Kirby; Richard B. Charles;
Frances S. Charles; Raymond E. Wigley
and Dorothy Wigley, Appellants,
v.
CITY OF WINSTON-SALEM, N.C.; Mayor Wayne A. Corpening;
Vivian H. Burke; Marilyn S. Harpe; Larry D. Little;
Virginia K. Newell; Robert S. Northington, Jr.; Ernestine
Wilson; Larry W. Womble and Martha S. Wood, Appellees.
RAINTREE HOMEOWNERS ASSOCIATION, INC.; Louis Capots; John
Geis; Charles Herbert Green; Robert D.
Kinniburgh, Jr. and Kenneth Smelter, Appellants,
v.
CITY OF CHARLOTTE; Eddie Knox, Mayor; L. David Berryhill;
Charlie Dannelly; Laura Frech; Harvy B. Gantt; Ron
Leeper; Ralph McMillan; Pamela G. Patterson; Edwin
Peacock, Jr.; George K. Selden, Jr.; Herbert Spaugh, Jr.
and Minnette Trosch, Appellees.
H.B. CARLISLE; W.E. Derrick; Carl L. Gaile; R.R. Lee and
D.M. Randall, Appellants,
v.
CITY OF CHARLOTTE; Eddie Knox, Mayor; David L. Berryhill;
Charlie Dannelly; Laura Frech; Harvy B. Gantt; Ron
Leeper; Ralph McMillan; Pamela G. Patterson; Edwin
Peacock, Jr.; George K. Selden, Jr.; Herbert Spaugh, Jr.
and Minnette C. Trosch, Appellees.
RAINTREE HOMEOWNERS ASSOCIATION, INC.; Louis Capots; John
Geis; Charles Herbert Green; Robert D.
Kinniburgh, Jr. and Kenneth Smelter, Appellees,
v.
CITY OF CHARLOTTE; Mayor Eddie Knox; David L. Berryhill;
Charlie Dannelly; Laura Frech; Harvy B. Gantt; Ron
Leeper; Ralph McMillan; Pamela G. Patterson; Edwin
Peacock, Jr.; George K. Selden, Jr.; Herbert Spaugh, Jr.
and Minnette Trosch, Appellants.
H.B. CARLISLE; W.E. Derrick; Carl L. Gaile; R.R. Lee and
D.M. Randall, Appellees,
v.
CITY OF CHARLOTTE; Mayor Eddie Knox; David L. Berryhill;
Charlie Dannelly; Laura Frech; Harvy B. Gantt; Ron
Leeper; Ralph McMillan; Pamela G. Patterson; Edwin
Peacock, Jr.; George K. Selden, Jr.; Herbert Spaugh, Jr.
and Minnette C. Trosch, Appellants.
Henry BREWER; Robert M. Burcham; Philip Demarko; Joy M.
McNab; Gladys Norman; Sam Pope; James A. Sneed
and Cornelius F. Spach, Appellants,
v.
CITY OF WINSTON-SALEM; Mayor Wayne A. Corpening; Vivian H.
Burke; Marilyn S. Harpe; Larry D. Little; Virginia K.
Newell; Robert S. Northington, Jr.; Ernestine Wilson;
Larry W. Womble and Martha S. Wood, Appellees.
 Nos. 82-1761, 82-1767, 82-1768, 82-1785, 82-1786 and 82-2120.
 United States Court of Appeals,
Fourth Circuit.
 Submitted April 4, 1983.
Decided June 15, 1983.
 
 James Hamilton, Robert L. Deitz, Susan A. Cobb, Ginsburg, Feldman, Weil & Bress, Chartered, Washington, D.C., Rosbon D.B. Whedbee, Ahoskie, N.C., F. Lee Weaver, Weaver & Bennett, P.A., Hugh G. Casey, Jr., Casey & Bishop, P.A., Charlotte, N.C., on brief, for appellants.
 Roddey M. Ligon, Jr., Womble, Caryl, Sandridge & Rice, Ronald G. Seeber, Ralph D. Karpinos, Winston-Salem, N.C., Henry W. Underhill, Jr., H. Michael Boyd, Charlotte, N.C., on brief, for appellees.
 Before WINTER, Chief Judge, SPROUSE, Circuit Judge, and KELLAM,* Senior District Judge.
 PER CURIAM:
 
 
 1
 These consolidated cases present the single question of whether landowners who allege that their real property is to be annexed by a municipality in order to increase the municipality's tax base have stated a claim upon which relief can be granted under the due process clause of the Fourteenth Amendment. The district courts, 544 F.Supp. 123 and 543 F.Supp. 625, uniformly held that they have not. We affirm.
 
 I.
 
 2
 Under North Carolina law, municipalities are authorized to extend their municipal corporate limits by annexation of contiguous real property. N.C.Gen.Stat. Sec. 160A-48. State law defines the permissible purposes for, and scope of, such annexation, establishes administrative procedures to be employed by the municipalities, and provides for limited state judicial review of annexation decisions. Id. Secs. 160A-48 to -54. The six cases before us arose from four annexation ordinances adopted by the cities of Winston-Salem and Charlotte. Each ordinance provided for the annexation into the municipality of certain real property located outside the city limits.
 
 
 3
 In each case, the landowner filed suit in the district court seeking to have the city ordinance, and the underlying annexation, declared unconstitutional under the due process clause of the Fourteenth Amendment. The plaintiffs alleged in their complaints that the reason for each annexation was a desire to increase the city's tax revenues and its allocation of state revenue-sharing funds, that the services to be provided by the city in the annexed area would be inferior to services already available, and that the city officials acted arbitrarily in choosing to annex more prosperous areas while not incorporating poorer ones. Plaintiffs also alleged that the judicial review provisions under state law, id. Sec. 160A-50, unconstitutionally bar judicial review of whether annexation decisions are arbitrary and capricious.
 
 
 4
 The district courts concluded that plaintiffs were not entitled to relief based on these allegations, and dismissed the cases. Plaintiffs now appeal; the City of Charlotte cross-appeals the denial of its request for attorneys' fees.
 
 II.
 
 5
 It has long been held that the creation and redrawing of the political subdivisions of a state, unlike the exercise of power by those subdivisions,[1] are peculiarly matters involving state political concerns. Indeed, the Supreme Court early in this century flatly stated that "annexation by a city or town is purely a state political matter, entirely within the power of the state legislature to regulate." Hunter v. City of Pittsburgh, 207 U.S. 161, 178-79, 28 S.Ct. 40, 46, 52 L.Ed. 151 (1907). The Court there recognized that municipal annexations often simply represent the internal political reordering of a state.
 
 
 6
 Subsequent decisions have made clear, however, that municipal annexations are subject to at least some scrutiny under both the Fifteenth and Fourteenth Amendments to the United States Constitution. In Gomillion v. Lightfoot, 364 U.S. 339, 81 S.Ct. 125, 5 L.Ed.2d 110 (1964), the Supreme Court invalidated an Alabama law redefining the municipal limits of Tuskegee where that redefinition was motivated by a desire to disenfranchise black citizens. And in Hayward v. Clay, 573 F.2d 187, 190 (4 Cir.1978), we held that if the annexation decision is to be made through a general vote of the city's inhabitants, the inhabitants of the area proposed for annexation must be afforded the right to vote as well.
 
 
 7
 Nonetheless, we noted in Berry v. Bourne, 588 F.2d 422 (4 Cir.1978), that exceptions to the general rule that annexations are to be accorded considerable deference have been recognized only in those two situations. Moreover, the principle of according such deference has subsequently been reaffirmed by the Supreme Court:
 
 
 8
 In Hunter v. Pittsburgh, the Court discussed at length the relationship between a State and its political subdivisions, remarking: "The number, nature and duration of the powers conferred upon municipal corporations and the territory over which they shall be exercised rests in the absolute discretion of the State." While the broad statements as to state control have undoubtedly been qualified by the holdings of later cases such as Kramer v. Union Free School Dist.,[2] we think that the case continues to have substantial constitutional significance in emphasizing the extraordinarily wide latitude that States have in creating various types of political subdivisions and conferring authority upon them.
 
 
 9
 Holt Civic Club v. Tuscaloosa, 439 U.S. 60, 71, 99 S.Ct. 383, 390, 58 L.Ed.2d 292 (1978). We think it plain, based on these cases, that the exercise by a state of the discretion accorded to it in structuring its internal political subdivisions is subject to judicial review under the Fourteenth Amendment only where that exercise involves the infringement of fundamental rights or the creation of suspect classifications. See Moorman v. Wood, 504 F.Supp. 467, 471-73 (E.D.Ky.1980).
 
 III.
 
 10
 When tested against this principle, plaintiffs' allegations, even if true, do not entitle them to relief under the Fourteenth Amendment. The allegation that prosperous areas were selected for annexation while less prosperous areas were ignored does not constitute the creation of a suspect classification. Nor is there any fundamental right to be free of additional state taxation. Gomillion made clear that the due process clause "affords no immunity against mere inequalities in tax burdens, nor does it afford protection against their increase as an indirect consequence of a State's exercise of its political powers." 364 U.S. at 343, 81 S.Ct. at 128; see also Deane Hill Country Club, Inc. v. Knoxville, 379 F.2d 321, 325 (6 Cir.1967) (Fourteenth Amendment challenges cannot be based on pecuniary repercussions in the form of the ordinary incidence of city taxation).[3] No suspect classification or fundamental right is therefore implicated, and the ordinances thus do not abridge the Fourteenth Amendment to the United States Constitution.
 
 IV.
 
 11
 Although we conclude that plaintiffs have not asserted claims entitling them to relief, we think that the claims were not so frivolous, unreasonable or groundless that the district court abused its discretion in declining to award attorneys' fees to the City of Charlotte.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable Richard B. Kellam, Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 [1]
 Municipalities and other state subdivisions may, of course, be sued when in exercising state powers such as the power to condemn land or the police power they violate rights secured by the Constitution or laws of the United States
 
 
 [2]
 Referring to Kramer v. Union Free School District, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969), which held that a restriction of the right to vote in school district elections to owners and lessees of taxable real property and to parents and custodians of children enrolled in the public schools violated the equal protection clause of the Fourteenth Amendment
 
 
 [3]
 Given our conclusion that the Fourteenth Amendment is not violated where, as here, the proposed annexation does not impinge on fundamental rights or create suspect classifications, there is no right under the Fourteenth Amendment to challenge annexation decisions alleged merely to be arbitrary and capricious. There is, accordingly, no federal right to have state courts hear such challenges to allegedly arbitrary and capricious annexation decisions; the availability of such review is solely a matter of state law