J. F. MATTHEWS, IN BEHALF OF HIMSELF AND OTHER TAXPAYERS IN A GIVEN BOUNDARY, v. THE TOWN OF BLOWING ROCK AND G. C. ROBBINS, MAYOR, ET AL.

(Filed 12 December, 1934.)

**1. Statutes A a—**

The courts will conclusively presume from the ratification of a private act that the notice required by Art. II, sec. 12, has been given.

**2. Same—**

In the absence of allegation and proof that plaintiff's rights are injuriously affected by a statute, plaintiff may not maintain an action to have the statute declared unconstitutional.

**3. Same—Semble: Legislature has power by private act to enlarge town limits and provide that town maintain streets in annexed territory.**

Under the unlimited power of the Legislature to provide for the creation and extension of corporate limits of municipalities, it would seem that it has the power to provide by private act enlarging the boundaries of a town that it should take over the streets existing in the annexed territory and levy taxes to maintain such streets as a necessary power of its existence, and that such private act would not contravene Art. II, sec. 29, prohibiting the Legislature from authorizing the opening, maintaining, or discontinuance of streets by private act.

APPEAL from *Warlick, J.,* at Chambers in Bakersville, on 29 March, 1934. From WATAUGA. Affirmed.

This is an action to enjoin the collection of taxes levied against the property of J. F. Matthews, located without the limits of the town of Blowing Rock as fixed by chapter 199, Private Laws of 1889, and within

the limits of said town as fixed by chapter 13, Private Laws of 1927, upon the ground that the act of the Legislature enlarging the corporate limits of the municipality is unconstitutional and void.

From a judgment dissolving a temporary restraining order the plaintiff appealed, assigning errors.

*R. L. Ballou for appellant.*
*Trivette & Houshouser for appellees.*

SCHENCK, J. "There are no limitations in the Constitution of this State or of the United States upon the power of the General Assembly to provide by statute for the extension of the corporate limits of a municipal corporation organized and existing under the laws of this State, or for the repeal of a statute under which a municipal corporation in this State was organized." *Highlands v. Hickory,* 202 N. C., 167 (168), and cases there cited.

The plaintiff alleges that chapter 13, Private Laws 1927, is void, for that there was a failure to comply with Article II, section 12, of the Constitution of North Carolina in that no notice of application to pass such a law was given, as provided by law. While this section of the State Constitution may be binding upon the conscience of the General Assembly, and was doubtless intended to be observed by that body, this Court will not undertake to go behind the ratification of an act to review the action of a coördinate department of the State Government, but will conclusively presume, from the ratification, that the notice here required has been given. *Brodnax v. Groom,* 64 N. C., 244; *Cox v. Commissioners,* 146 N. C., 584.

Chapter 13, Private Laws 1927, contains the following provision: "That all streets, public driveways, and county highways within the said boundary of the said (newly made) town shall be and the same are hereby adopted as streets of the said town, to be kept up and maintained by said town," and it is urged in the plaintiff's brief that this is an infringement upon Article II, section 29, of the Constitution of North Carolina, which deleted of that portion not germane to this case reads: "The General Assembly shall not pass any local, private, or special act or resolution . . . authorizing the laying out, opening, altering, maintaining, or discontinuing of highways, streets, or alleys. . . . Any local, private, or special act or resolution passed in violation of the provisions of this section shall be void. The General Assembly shall have power to pass general laws regulating matters set out in this section."

There is no allegation in the complaint that any highways, streets, or alleys, in which the plaintiff has any interest, have been laid out, opened,

MATTHEWS *v.* BLOWING ROCK.

altered, maintained, or discontinued, or that there have been any taxes levied, or attempted to be levied, against the property of the plaintiff to keep up or maintain any highways or streets, and without such an allegation there could be, and was, no proof of any such tax levy or of injury resulting to the plaintiff by reason thereof. It is well settled in this jurisdiction that one who seeks to have an act of the Legislature declared unconstitutional must show that the enforcement of such act will result in injury to him. In *Yarborough v. Park Commission,* 196 N. C., 284 (288), it is said: "A party who is not personally injured by a statute is not permitted to assail its validity; if he is not injured he should not complain because another may be hurt." In the absence of both allegation and proof to the effect that the plaintiff would be injured by the adoption by the town of Blowing Rock of "all streets, public driveways, and county highways" within the new boundary "as streets of said town to be kept up and maintained by said town," the plaintiff could not maintain an action to have declared void chapter 13, Private Laws 1927, upon the theory that it is in contravention of Article II, section 29, of the Constitution of North Carolina.

We would not have it understood, however, that we intimate that if the complaint had contained sufficient allegations to the effect that taxes had been levied against his property to lay out and maintain highways and streets, that the plaintiff could maintain this action, as the unlimited power in the General Assembly to provide by statute for the creation and extension of corporate limits of municipal corporations, would seem to include the right to vest in such municipal corporations the authority to levy taxes to lay out and maintain highways and streets within such limits, since they are essential to the existence of such corporations. In *Lutterloh v. Fayetteville,* 149 N. C., 65, after holding that municipal corporations are creatures of the legislative will, it is said: "Consequently, it follows that the enlargement of the municipal boundaries by the annexation of new territory, and the consequent extension of their corporate jurisdiction, including that of levying taxes, are legitimate subjects of legislation. In the absence of constitutional restriction, the extent to which such legislation shall be enacted, both with respect to the terms and circumstances under which the annexation may be had and the manner in which it may be made, rests entirely in the discretion of the Legislature. With its wisdom, propriety, or justice we have naught to do. It has therefore been held that an act of annexation is valid which authorized the annexation of territory, without the consent of its inhabitants, to a municipal corporation, having a large unprovided-for indebtedness, for the payment of which the property included within the territory annexed became subject to taxation."

Affirmed.