FORSYTH CITIZENS OPPOSING ANNEXATION, HENRY BREWER, ROBERT
M. BURCHAM, PHILIP DEMARKO, JOY M. McNAB, GLADYS NORMAN,
SAM POPE, JAMES A. SNEED, CORNELIUS F. SPACH, RAY W. SIZE-
MORE AND R. J. BALL v. CITY OF WINSTON-SALEM, A MUNICIPAL COR-
PORATION, AND MAYOR WAYNE A. CORPENING, IN HIS OFFICIAL CAPACITY,
AND VIVIAN H. BURKE, MARILY S. HARPE, LARRY D. LITTLE,
VIRGINIA K. NEWELL, ROBERT S. NORTHINGTON, JR., ERNESTINE
WILSON, LARRY W. WOMBLE AND MARTHA S. WOOD, ALDERMEN, IN
THEIR OFFICIAL CAPACITIES

No. 8321SC213

(Filed 6 March 1984)

1. Municipal Corporations § 2— annexation statutes—due process

The annexation statutes set forth in Ch. 160A, art. 4A, p. 3, do not violate
due process because they fail to provide for judicial review to determine
whether the conduct of municipal officials in an annexation proceeding was ar-
bitrary, capricious or unreasonable, since the effect of G.S. 160A-50(f) is to give
substantial protection against arbitrary, capricious and unreasonable acts by a
municipality. Petitioners failed to show that the annexation statutes were un-
constitutionally applied in this proceeding where they made no contention that
the statutory procedure set out in G.S. 160A-49 was not followed or that the
service requirements of G.S. 160A-47 and the character of the area re-
quirements of G.S. 160A-48 were not met.

2. Constitutional Law § 23; Municipal Corporations § 2— challenge to annexation
statutes and ordinances—failure to state claim under due process clause

Petitioners' challenge to annexation statutes and ordinances failed to state
a claim for relief under the due process clause of the Fourteenth Amendment
where it was not based upon allegations of racial discrimination, voting rights,
or other suspect classification or infringement of fundamental rights.

APPEAL by petitioners from *Wood (William Z.), Judge.* Judg-
ment entered 12 November 1982 in Superior Court, FORSYTH
County. Heard in the Court of Appeals 6 February 1984.

Petitioners appeal from a judgment of the Forsyth County
Superior Court dismissing their petition challenging the actions of
the Winston-Salem Board of Aldermen in adopting ordinances an-
nexing two areas to the City of Winston-Salem. In its judgment,
the court concluded that North Carolina's annexation statutes
contained in G.S. Chapter 160A, art. 4A, part 3 are constitutional
and were constitutionally applied in this case, and that the City of
Winston-Salem met the requirements of G.S. 160A-47, 160A-48,
and 160A-49 in annexing the areas. Petitioners appealed.

*Rosbon D. B. Whedbee for petitioner appellants.*

*Womble, Carlyle, Sandridge and Rice, by Roddey M. Ligon, Jr.; and City of Winston-Salem Attorney's Office, by Ronald G. Seeber and Ralph D. Karpinos, for respondent appellees.*

WEBB, Judge.

The question presented by this appeal is whether North Carolina's annexation statutes are constitutional and were constitutionally applied in this case. Petitioners contend that (1) G.S. Chapter 160A, art. 4A, part 3 violates the due process clause of the Fourteenth Amendment to the United States Constitution because it prohibits judicial review of the conduct of municipal officials in annexation proceedings alleged to be arbitrary, capricious, unreasonable or abusive, and (2) that the annexation involved herein is arbitrary, capricious, unreasonable, and an abuse of discretion by the City in violation of the due process clause of the Fourteenth Amendment.

G.S. 160A-50(f) provides that a court, in reviewing annexation proceedings, may take evidence intended to show either that the statutory procedure set out in G.S. 160A-49 was not followed, or that the provisions of either G.S. 160A-47 or 160A-48 were not met. The statutory procedure outlined in G.S. 160A-49 requires notice of a public hearing and sets out guidelines for the hearing which is to be held prior to annexation. G.S. 160A-47 requires the annexing city to prepare maps and plans for the services to be provided to the annexed areas. G.S. 160A-48 sets out guidelines for the character of the area to be annexed.

[1] The North Carolina Supreme Court and the Fourth Circuit Court of Appeals have made it clear that G.S. 160A-50(f) limits the scope of judicial review to the determination of whether the annexation proceedings substantially comply with the requirements of the statutes referred to in G.S. 160A-50(f). *See In re Annexation Ordinance,* 284 N.C. 442, 202 S.E. 2d 143 (1974); *Food Town v. City of Salisbury,* 300 N.C. 21, 265 S.E. 2d 123 (1980); *Raintree Homeowners Assoc. v. City of Charlotte,* 543 F. Supp. 625 (W.D.N.C. 1982), *aff'd,* 710 F. 2d 132 (4th Cir. 1983). A separate test of the reasonableness of an annexation is not included within the limited scope of judicial review, *see In re Annexation Or-*

*dinance,* 303 N.C. 220, 230, 278 S.E. 2d 224, 231 (1981); however, G.S. 160A-50(f) and the provisions incorporated therein amount to a requirement that the courts determine whether an annexation is reasonable. *See Raintree Homeowners, supra* at 629. In *Raintree,* the Court stated that even though the language of the statute does not speak in terms of arbitrariness, capriciousness or unreasonableness, the effect of the statute is to give substantial protection against arbitrary, capricious and unreasonable acts by a municipality. *Id.*

Assuming, *arguendo,* that the annexation involved herein is subject to review under the Fourteenth Amendment to the United States Constitution, we find that the protection afforded by the North Carolina statutes is sufficient to comport with due process. Our Supreme Court and the Fourth Circuit Court of Appeals have repeatedly upheld our annexation statutes against constitutional attack and we find nothing in this case convincing us to hold differently. Furthermore, petitioners have not argued on appeal that the statutory procedure set out in G.S. 160A-49 was not followed, or that the provisions of G.S. 160A-47 and 160A-48 were not met; therefore, they have failed to show that the annexation statutes were unconstitutionally applied in this case.

[2] More importantly, it appears petitioners' challenge must fail because it is not actionable under the Fourteenth Amendment. The Fourth Circuit Court of Appeals rejected these same arguments presented by petitioners with respect to the annexations concerned herein, holding that petitioners' allegations, even if true, do not entitle them to relief under the Fourteenth Amendment. *See Baldwin, et al. v. City of Winston-Salem,* 710 F. 2d 132 (4th Cir. 1983). Relying on the cases of *Hunter v. Pittsburgh,* 207 U.S. 161, 28 S.Ct. 40, 52 L.Ed. 151 (1907) and *Berry v. Bourne,* 588 F. 2d 422 (4th Cir. 1978), the Court stated that "the exercise by a state of the discretion accorded to it in structuring its internal political subdivisions is subject to judicial review under the Fourteenth Amendment only where that exercise involves the infringement of fundamental rights or the creation of suspect classifications." *Id.* at 135.

In *Hunter v. Pittsburgh, supra,* the seminal case in this area, the Supreme Court declared that annexation by a city or town is purely a state political or legislative matter, entirely within the

power of the state legislature to regulate. Thus, by *Hunter*, the Supreme Court made it clear that a state's discretion in determining its annexation policies is beyond the reach of the Fourteenth Amendment. However, subsequent decisions have indicated that municipal annexations are subject to review under the Fourteenth Amendment if the challenge to an annexation is based upon allegations of racial discrimination or infringement of voting rights. *See Gomillion v. Lightfoot*, 364 U.S. 339, 81 S.Ct. 125, 5 L.Ed. 2d 110 (1960); *Hayward v. Clay*, 573 F. 2d 187 (4th Cir. 1978), *cert. denied*, 439 U.S. 959, 99 S.Ct. 363, 58 L.Ed. 2d 351 (1978). But these are the only recognized exceptions to the general rule that annexations are to be accorded considerable deference. *See Berry v. Bourne, supra; Baldwin v. City of Winston-Salem, supra.*

Because the petitioners' challenge does not concern racial discrimination, voting rights, or other suspect classification or infringement of fundamental rights, the Fourth Circuit concluded that petitioners had not stated a claim entitling them to relief under the due process clause of the Fourteenth Amendment. In accordance with the Fourth Circuit's decision in *Baldwin, supra,* and the decisions cited therein, we hold the superior court did not err in dismissing petitioners' action.

Next, petitioners contend that North Carolina's annexation statutes are unconstitutional because they only permit owners of real property to challenge annexations. Three of the petitioners do not own real property in either of the annexed areas yet they were permitted to challenge the annexations without objection by the respondents. We do not believe it is necessary for us to pass on the question of whether the annexation statutes unconstitutionally deny personal property owners the right to challenge annexations because in this case such persons were in fact permitted to proceed with their challenge. The judgment of the superior court is

Affirmed.

Chief Judge VAUGHN and Judge JOHNSON concur.