PIEDMONT FORD TRUCK SALE, INC., LAMB DISTRIBUTING COMPANY, LIMITORQUE COMPANY, TRIAD FREIGHTLINER OF GREENSBORO, INC., GEORGE H. SHARP, RUDOLPH C. AND GERALDINE S. NUNN, MARY C. BYRD, J. V. DAVENPORT, MARGARET L. NEEDHAM, FRANCES L. DEVER, HALLIE K. BURGESS, DOROTHY MARIANI, MARIE F. HANCOCK, JAMES S. AND HARRIET W. WILSON, DONALD D. HILL, LINDA K. JONES, EVA THOMPSON, OLLIE F. JOHNSON, DAVEY L. KENNEDY II, TERESA O. KENNEDY, JOHN D. AND LOUISE M. LEWIS, H. AUSTIN AND HELEN D. PHILLIPS, AND F. STUART KENNEDY v. CITY OF GREENSBORO

No. 8818SC172

(Filed 19 July 1988)

**1. Municipal Corporations § 2— annexation—local act—health and sanitation provision severable—constitutional**

Chapter 818 of the 1986 Session Laws, a local act providing for the annexation of certain property west of defendant's corporate limits, is constitutional even though sec. 3 of Chapter 818 constitutes a local act relating to health and sanitation in contravention of the North Carolina Constitution, Art. II, § 24(a), because sec. 3 is severable from the remainder of Chapter 818.

**2. Constitutional Law § 20; Municipal Corporations § 2— local act annexation—equal protection**

In an action in which plaintiff alleged that a local act providing for the annexation of property was arbitrary and capricious in violation of Art. I, § 19 of the North Carolina Constitution and the equal protection clause of the Fourteenth Amendment to the U.S. Constitution, the trial court erred by granting defendant's motion for dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) and the case was remanded for evaluation under the lower tier rational relationship equal protection standard.

**3. Municipal Corporations § 2— annexation—claim that burdens outweigh benefits—properly dismissed**

The trial court did not err by dismissing under N.C.G.S. § 1A-1, Rule 12(b)(6) plaintiffs' claim that a local act annexation violated Art. I, § 19 of the North Carolina Constitution and the Fifth and Fourteenth Amendments to the U.S. Constitution in that the benefits of annexation are outweighed by the burdens imposed.

APPEAL by plaintiffs from *Rousseau (Julius A.), Judge.* Order entered 17 November 1987 in Superior Court, GUILFORD County. Heard in the Court of Appeals 9 June 1988.

Plaintiffs, property owners in Guilford County, instituted this action seeking declaratory and injunctive relief from the annexation of their property by defendant. This annexation was accom-

plished by enactment of a local act, S.L. 1986, C. 818 (hereinafter Chapter 818), by the General Assembly in 1986 and made effective on 30 June 1987. Chapter 818 provides for the annexation of certain property west of defendant's corporate limits and the exemption from annexation of other property owned by the Greensboro-High Point Airport Authority and certain areas adjacent thereto. Chapter 818 further provides that defendant must provide municipal services to the annexed area pursuant to G.S. 160A-47, 160A-49.1 and 160A-49.3.

By amended complaint filed 20 July 1987, plaintiffs challenged the constitutionality of Chapter 818. Specifically, plaintiffs alleged that the act violates Article I, sec. 19; Article II, sec. 24; and Article XIV, sec. 3 of the North Carolina Constitution as well as the Fifth and Fourteenth Amendments to the United States Constitution. On 21 August 1987, defendant moved to dismiss plaintiffs' amended complaint pursuant to G.S. 1A-1, Rule 12(b)(6). Defendant subsequently filed an answer on 17 September 1987. On 17 November 1987, the trial court granted defendant's motion to dismiss. Plaintiffs appeal.

*Patton, Boggs & Blow, by Robert G. McIver, for plaintiffs-appellants.*

*Linda A. Miles and Becky Jo Peterson-Buie for defendant-appellee.*

SMITH, Judge.

Plaintiffs bring forth as their sole assignment of error the trial court's dismissal of their amended complaint pursuant to G.S. 1A-1, Rule 12(b)(6). Plaintiffs contend that sufficient legal bases exist to sustain each of four separate claims for relief. To be legally sufficient, a claim must show on its face that there is no insurmountable bar to recovery and that the pleadings give the adverse party notice of the events giving rise to the claim so that the party understands the nature of the claim and is able to answer the allegations in the complaint and prepare for trial. *Rose v. Guilford County*, 60 N.C. App. 170, 298 S.E. 2d 200 (1982); *Cassels v. Ford Motor Co.*, 10 N.C. App. 51, 178 S.E. 2d 12 (1970). However, a complaint must be dismissed under Rule 12(b)(6) when it is clear from the face of the complaint that plaintiffs cannot recover as a matter of law, some essential fact to plaintiffs' case

is missing or a fact is revealed in plaintiffs' complaint which defeats the action. *Schloss Outdoor Advertising Co. v. City of Charlotte*, 50 N.C. App. 150, 272 S.E. 2d 920 (1980); *Mozingo v. North Carolina National Bank*, 31 N.C. App. 157, 229 S.E. 2d 57 (1976), *cert. denied*, 291 N.C. 711, 232 S.E. 2d 204 (1977).

[1] Plaintiffs first contend that Chapter 818 violates Article II, sec. 24 of the North Carolina Constitution because Section 3 of Chapter 818 required defendant to render municipal services to the newly annexed areas "in accordance with the requirements of G.S. 160A-47; and the provisions of G.S. 160A-49.1 governing contracts with rural fire departments and the provisions of G.S. 160A-49.3 governing contracts with private solid waste collection firms." Article II, sec. 24(1)(a) provides that "[t]he General Assembly shall not enact any local, private, or special act or resolution: (a) Relating to health, sanitation, and the abatement of nuisances."

Defendant argues that Section 3 of Chapter 818 does not violate Article II, sec. 24 as the provision is merely declaratory of the powers already granted to defendant under general law and cites *In re Assessments*, 243 N.C. 494, 91 S.E. 2d 171 (1956), to support its argument. In *Assessments*, the City of Durham was empowered through local acts to make, without petition, street improvements and assess the cost of those improvements against the property abutting the improved area. Plaintiff property owners contended that the local acts violated Article II, sec. 29 (now Article II, sec. 24) which prohibited the passage of local acts affecting the "laying out, opening, altering, maintaining or discontinuing of highways, streets or alleys." The court in *Assessments* held that the provisions in the local acts did not violate Article II, sec. 29 because they were "only declaratory of, or supplementally, to the powers given [the city] under the general law." *Id.* at 498, 91 S.E. 2d at 174. The court noted that the constitution imposes on the General Assembly the duty to provide by general laws for improvements to cities.

The case at bar is distinguishable. Here the General Assembly, through local act, is requiring defendant to adopt a statutory plan for providing municipal services which defendant would not otherwise be authorized to implement under the type of annexation involved in the instant case.

G.S. 160A, art. 4A, part 3 sets forth statutory procedures whereby cities with a population of 5,000 or more may extend their own corporate boundaries. Governing municipal boards must conform to the requirements set out in these statutes as a precondition to their right to annex property. *In re Annexation Ordinances*, 253 N.C. 637, 117 S.E. 2d 795 (1961). G.S. 160A-47, dealing with the submission of plans by the municipality for the extension of municipal services (including police and fire protection; solid waste collection; and street maintenance), and G.S. 160A-49.1 and G.S. 160A-49.3, dealing with the contracting for fire protection and sewage services, are required to be followed by a municipality but only where the annexation is to be achieved under G.S. 160A, art. 4A, part 3. Unlike *Assessments* where the local act provisions were merely declaratory of what the city could do under general law, the local act provisions here require the city to extend municipal services (which include services relating to health and sanitation) in a manner not authorized except when annexation is accomplished under general law. Thus, the General Assembly has passed a local act relating to health and sanitation in contravention of N.C. Const., Art. II, sec. 24(a). Section 3 of Chapter 818 is therefore void and unenforceable.

The unconstitutionality of Section 3 does not render the entire act void. This section is severable from the remainder of Chapter 818. "The general proposition must be . . . that in a[n] [act] which contains invalid or unconstitutional provisions, that which is unaffected by these provisions or which can stand without them must remain. If the valid and invalid are capable of separation, only the latter may be disregarded." *R.R. v. Reid*, 187 N.C. 320, 325, 121 S.E. 534, 537 (1924), *quoting Supervisors v. Stanley*, 105 U.S. 305, 312, 26 L.Ed. 1044, 1050 (1881). *Accord Banks v. Raleigh*, 220 N.C. 35, 16 S.E. 2d 413 (1941). Chapter 818 can stand on its own without Section 3. The purpose of Chapter 818 is to annex property in Guilford County to the City of Greensboro. Section 3 is not necessary to achieve this result. The power of the General Assembly to enlarge municipalities by local act is "clear beyond cavil." *Abbott v. Town of Highlands*, 52 N.C. App. 69, 73, 277 S.E. 2d 820, 823, *disc. rev. denied*, 303 N.C. 710, 283 S.E. 2d 136 (1981); *See* G.S. 160A-21; N.C. Const., Art. VII, sec. 1. We hold therefore that Chapter 818, excluding Section 3, is constitutional and affirm the trial court's dismissal of plaintiffs' first claim for relief.

[2] Plaintiffs next contend that Chapter 818 violates Article I, sec. 19 of the North Carolina Constitution and the Fourteenth Amendment to the United States Constitution in that the newly annexed boundary "excludes . . . properties with the same or similar zoning, with the same or similar degree of development with the same or similar uses, and with similar tax valuation as the property of Plaintiff." Defendant argues that to successfully state such a claim for relief plaintiff must allege that either a fundamental constitutional right has been violated or that the annexation has created a "suspect classification." The law in North Carolina is in apparent conflict as to whether plaintiff has stated a claim in this regard. In *Abbott, supra,* property surrounding the town of Highlands was annexed pursuant to a local act. Plaintiffs there brought an action alleging that the act violated Article I, sec. 19 of the North Carolina Constitution and the equal protection clause of the Fourteenth Amendment to the United States Constitution because the town failed to provide sewer services to the annexed area on an equal basis and failed to include within the annexed area a golf course which was surrounded by annexed property. The court stated that when an equal protection question is involved, a two-tier constitutional analysis is appropriate. When the claim involves either a "suspect class" or a fundamental right, an upper tier or "strict scrutiny" analysis is used. The government must show that the classification is necessary to promote a compelling governmental interest. If the claim does not involve a fundamental right or "suspect class," a lower tier analysis is used. The court then must determine whether the classification bears a "rational relationship" to a legitimate government interest. *Id.* Using a lower tier analysis, because plaintiffs' claim did not warrant upper tier scrutiny, the court in *Abbott* held that the act was reasonably related to a governmental purpose and nondiscriminatory as to plaintiffs.

A subsequent Court of Appeals case, *Forsyth Citizens v. City of Winston-Salem,* 67 N.C. App. 164, 312 S.E. 2d 517, *disc. rev. denied,* 310 N.C. 743, 315 S.E. 2d 701, *appeal dismissed, Brewer, et al. v. City of Winston-Salem, North Carolina, et al.,* 469 U.S. 802, 83 L.Ed. 2d 8, 105 S.Ct. 57 (1984), appears to reach an opposite conclusion. *Forsyth Citizens* involved an annexation by the City of Winston-Salem pursuant to G.S. 160A, art. 4A, part 3. Plaintiffs there alleged in part that the statute violated the due process

clause of the Fourteenth Amendment to the United States Constitution because it prohibited judicial review of the municipality's action and that the annexation was arbitrary and capricious. The court held that G.S. 160A-50(f), which sets forth review procedures to question whether the annexation was proper, limited the scope of judicial review but was sufficient to comport with due process. The court further held that plaintiffs' claim was not actionable under the Fourteenth Amendment because plaintiffs did not allege any infringement of fundamental rights or creation of a suspect class. The court stated, " 'the exercise by a state of the discretion accorded to it in structuring its internal political subdivisions is subject to judicial review under the Fourteenth Amendment only where that exercise involves the infringement of fundamental rights or the creation of suspect classifications.' " *Id.* at 166, 312 S.E. 2d at 519, *quoting Baldwin v. City of Winston-Salem*, 710 F. 2d 132, 135 (4th Cir. 1983).

*Forsyth Citizens* stands for the rule that there is no claim for relief under the Fourteenth Amendment unless a fundamental right has been violated or a suspect class created. On the other hand, *Abbott* holds that a lower tier analysis is available for claims which do not allege a fundamental right violation or suspect classification. However, the two cases are distinguishable. *Forsyth Citizens* was a case involving a claim under the due process clause of the Fourteenth Amendment and dealt with an annexation under a statutory scheme which limited judicial review. *Abbott* was a case involving a claim under the equal protection clause of the Fourteenth Amendment and dealt with an annexation by local act which had no limitation on judicial review. While the plaintiffs in both *Forsyth Citizens* and *Abbott* assert that the annexation was arbitrary and capricious, the legal basis for these assertions provides for different analyses. The court in *Abbott* specifically notes: " 'Traditionally courts employ a two-tiered scheme of analysis when an equal protection claim is made.' " *Id.* at 75, 277 S.E. 2d at 824 (citations omitted). Applying the facts here to the framework of both cases, we conclude that *Abbott* sets forth the correct analysis in this case.

Plaintiffs in the case *sub judice* allege that the annexation under Chapter 818 was arbitrary and capricious in violation of the equal protection clause. Plaintiffs do not contend that the annexation violated a fundamental right or created a suspect class. In

*Abbott,* there was a hearing on the merits of the plaintiffs' contentions, and this court was able to ascertain whether a rational relationship existed between the annexation and a legitimate government interest and whether such annexation was arbitrary and capricious. We are unable here to make a similar determination because defendant's Rule 12(b)(6) motion was granted. However, *Abbott* makes it clear that in this case, where an equal protection claim is made, a less heightened, lower tier avenue of review is available. For the foregoing reasons we hold that the· trial court erred in dismissing plaintiffs' second claim for relief. Accordingly, we remand for the lower tier evaluation.

Plaintiffs also contend that Chapter 818 violates Article XIV, sec. 3 of the North Carolina Constitution by incorporating in Section 3 of Chapter 818 provisions that are exclusively the subject matter of general law. Having held that section is severable from the remainder of Chapter 818, we will not further address this issue. This claim for relief was properly dismissed under G.S. 1A-1, Rule 12(b)(6).

**[3]** Finally, plaintiffs contend that Chapter 818 violates Article I, sec. 19 of the North Carolina Constitution and the Fifth and Fourteenth Amendments to the United States Constitution as the benefits of the annexation are outweighed by the burdens imposed, such as increased taxes, fees, assessments and costs for services. Plaintiffs have again failed to state a claim. In *Hunter v. Pittsburgh,* 207 U.S. 161, 52 L.Ed. 151, 28 S.Ct. 40 (1907), a case involving consolidation of two cities, the Supreme Court stated:

> Although the inhabitants and property owners may, by such changes, suffer inconvenience, and their property may be lessened in value by the burden of increased taxation, or for any other reason, they have no right, by contract or otherwise, in the unaltered or continued existence of the corporation or its powers, and there is nothing in the Federal Constitution which protects them from these injurious consequences.

*Id.* at 179, 52 L.Ed. at 159, 28 S.Ct. at 46-47. Our Supreme Court has also stated: "[W]here additional territory is annexed in accordance with the law, the fact that the property of the residents in such area will thereby become subject to city taxes levied in the future, does not constitute a violation of the due process

clause of the State and Federal Constitution." *In re Annexation Ordinances*, 253 N.C. at 651-52, 117 S.E. 2d at 805; *Accord In re Annexation Ordinance*, 303 N.C. 220, 278 S.E. 2d 224 (1981). The trial court did not err in dismissing this claim for relief.

For the foregoing reasons, the trial court is

Affirmed in part and reversed and remanded in part.

Judges EAGLES and ORR concur.