PIEDMONT FORD TRUCK SALE, INC., LAMB DISTRIBUTING COMPANY, LIMITORQUE COMPANY, TRIAD FREIGHTLINER OF GREENSBORO, INC., GEORGE H. SHARP, RUDOLPH C. AND GERALDINE S. NUNN, MARY C. BYRD, J. V. DAVENPORT, MARGARET L. NEEDHAM, FRANCES L. DEVER, HALLIE K. BURGESS, DOROTHY MARIANI, MARIE F. HANCOCK, JAMES S. AND HARRIET W. WILSON, DONALD D. HILL, LINDA K. JONES, EVA THOMPSON, OLLIE F. JOHNSON, DAVEY L. KENNEDY II, TERESA O. KENNEDY, JOHN D. AND LOUISE M. LEWIS, H. AUSTIN AND HELEN D. PHILLIPS, AND F. STUART KENNEDY v. CITY OF GREENSBORO

No. 394PA88

(Filed 8 June 1989)

1. **Constitutional Law § 20; Municipal Corporations § 2— annexation—other property similarly situated not annexed—no equal protection violation**

   The Fourteenth Amendment to the United States Constitution and Art. I, Sec. 19 of the N. C. Constitution were not violated in the annexation of plaintiffs' property where property similarly situated was not also annexed.

2. **Statutes § 2.5— annexation—solid waste collection—not a local act**

   The Court of Appeals erroneously reversed superior court dismissal of plaintiffs' challenge to annexation by defendant on the ground that Session Laws 1986, Chapter 818, Sec. 3 violates Article II, Sec. 24 of the Constitution of North Carolina as a local act relating to sanitation by requiring that municipal services be rendered to annexed territory in accordance with N.C.G.S. § 160A-49.3. That statute provides that, under certain conditions, if a solid waste collection firm has been providing services to the residents of the newly annexed area, the city must contract with the firm to continue providing services or pay damages to the firm. It does not subject the annexed area to different treatment than it would have faced if the city had annexed the area under the general annexation law, but assures that it will receive the same treatment.

APPEAL by defendant pursuant to N.C.G.S. § 7A-31 from, and on discretionary review of, the decision of the Court of Appeals

reported at 90 N.C. App. 692, 370 S.E. 2d 262 (1988), affirming in part and reversing in part the judgment of dismissal entered by *Rousseau, J.,* at the 16 November 1987 Session of Superior Court, GUILFORD County. Heard in the Supreme Court 15 February 1989.

This case grew from an annexation statute adopted by the General Assembly in 1986 entitled S.L. 1986, Chapter 818. The statute provides that certain land contiguous to the City of Greensboro on its western boundary be annexed to the City. The act also provides that "municipal services shall be rendered to such territory in accordance with the requirements of G.S. 160A-47; and the provisions of G.S. 160A-49.1 governing contracts with rural fire departments and the provisions of G.S. 160A-49.3 governing contracts with private solid. waste collection firms shall be applicable to such territory."

The plaintiffs, who are property owners of a part of the annexed property, brought this action seeking declaratory relief and an injunction. The plaintiffs alleged the new city boundary omits property similarly situated and like the plaintiffs' property. The plaintiffs alleged that the omitted property has "the same or similar zoning, with the same or similar degree of development, with the same or similar uses, and with similar tax valuation as the property of Plaintiffs." The plaintiffs alleged further that Chapter 818 is without a rational basis and is arbitrary and capricious and that Chapter 818 violates the Fourteenth Amendment to the Constitution of the United States and Article I, Sec. 19 of the Constitution of North Carolina.

In another claim the plaintiffs alleged that Chapter 818 violated Article II, Sec. 24 of the Constitution of North Carolina because it is a local act regarding water, sewer and sanitation services to the annexed area.

In a third claim the plaintiffs alleged that Chapter 818 violates Article XIV, Sec. 3 of the Constitution of North Carolina because it "is a local act incorporating by reference provisions that are exclusively the subject matter of general law." In a fourth claim the plaintiffs alleged that Chapter 818 violates the Fourteenth Amendment to the United States Constitution and Article I, Sec. 19 of the Constitution of North Carolina because it "results in the imposition of burdens on Plaintiffs, including without limitation, increased taxes, increased license fees, increased

assessments, and increased regulation concerning water, sewer, sanitation and safety procedures" which make the benefits to the plaintiffs outweighed by the burdens.

The superior court dismissed the action pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6). The Court of Appeals in *Piedmont Ford Truck Sales v. City of Greensboro*, 90 N.C. App. 692, 370 S.E. 2d 262 (1988), held that the section of the statute in regard to solid waste collection violates Article II, Section 24 of the Constitution of North Carolina but it is severable from the rest of the statute. The Court of Appeals reversed the dismissal of the claim that the plaintiffs have been deprived of equal protection of the law on the ground that similarly situated property had not been annexed. The Court of Appeals remanded the case to the superior court to determine this constitutional question using a lower tier analysis.

The defendant appealed and we allowed discretionary review on 3 November 1988.

*Patton, Boggs & Blow, by C. Allen Foster, Robert G. McIver and Ralph W. Gorrell, for plaintiff appellees.*

*Linda A. Miles and Becky Jo Peterson-Buie for defendant appellant.*

*Lacy H. Thornburg, Attorney General, by Charles J. Murray, Special Deputy Attorney General, for the State intervenor.*

WEBB, Justice.

[1] We deal first with the plaintiffs' claim that the Fourteenth Amendment to the Constitution of the United States and Article I, Section 19 of the Constitution of North Carolina have been violated because their property has been annexed to the City of Greensboro while similar property adjacent to their property has not been annexed. Article VII, Sec. 1 of the Constitution of North Carolina provides that the General Assembly shall fix the boundaries of the cities of this state. The General Assembly has by N.C.G.S. § 160A, Article 4A provided by statute of general application a method for extending the boundaries of cities but all parties to this action agree that the General Assembly may by special act set the boundaries.

The extension of boundaries of cities has been held to be a political decision which is not protected by the United States Constitution or the Constitution of North Carolina. *Hunter v. Pittsburgh*, 207 U.S. 161, 52 L.Ed. 151 (1907); *Lutterloh v. Fayetteville*, 149 N.C. 65, 62 S.E. 758 (1908). In *Gomillion v. Lightfoot*, 364 U.S. 339, 5 L.Ed. 2d 110 (1960), the United States Supreme Court held that a change in the boundaries of Tuskegee, Alabama, by the legislature of that state violated the Fifteenth Amendment to the Constitution of the United States because it deprived virtually all the black citizens of Tuskegee of the right to vote in municipal elections.

The constitutionality of the extension of city boundaries has been before this Court and the Court of Appeals in several cases. In *Texfi Industries v. City of Fayetteville*, 301 N.C. 1, 269 S.E. 2d 142 (1980), we upheld an annexation statute against a due process and equal protection challenge based on what the plaintiffs contended was inadequate notice of the annexation proceedings and the prohibition of the plaintiff property owner from voting on the annexation because it was a corporation. In *Abbott v. Town of Highlands*, 52 N.C. App. 69, 277 S.E. 2d 820, *disc. rev. denied*, 303 N.C. 710, 283 S.E. 2d 136 (1981), the Court of Appeals upheld a local act of the General Assembly which annexed land to the Town of Highlands. In that case the plaintiffs contended they had been deprived of the equal protection of the law under the Fourteenth Amendment to the Constitution of the United States and Article I, Sec. 19 of the Constitution of North Carolina. The plaintiffs attacked the act on two grounds, that it did not provide them with sewer services and that a golf course which was surrounded by the town was not annexed. The Court of Appeals said that there was not a denial of equal protection because not all the original residents of the town had sewer services and the failure to annex the golf course did not affect the property owners in the annexed area differently from other property owners in the town. In *Forsyth Citizens v. City of Winston-Salem*, 67 N.C. App. 164, 312 S.E. 2d 517, *disc. rev. denied*, 310 N.C. 743, 315 S.E. 2d 701 (1984), the Court of Appeals, relying on *In re Annexation Ordinance*, 303 N.C. 220, 278 S.E. 2d 224 (1981), and other cases held that the annexation statute does not violate the due process clause of the Fourteenth Amendment. The Court recognized in that case that annexations are subject to judicial review if the

challenge is based on allegations that the annexation results in racial discrimination or is an infringement on voting rights.

We believe our cases and the federal cases hold that annexation is a legislative decision with which the courts may not interfere unless the complaining party is deprived by the annexation of some constitutional right. In *Texfi, Abbott,* and *Forsyth Citizens,* the courts examined the claims of the plaintiffs and determined they did not allege a constitutional right had been violated. In *Texfi* and *Abbott* the courts used a lower tier analysis which is appropriate when neither an allegation of a violation of a fundamental right nor a classification upon some suspect basis was alleged to have been made. In *Forsyth Citizens* there was not an allegation of the violation of a constitutional right other than that the annexation statute, N.C.G.S. Chapter 160A, Art. 4A, part 3 violates the United States Constitution for not affording property owners due process of law because under the statute the courts could not pass on the reasonableness of an annexation. The Court of Appeals held that this did not deprive the plaintiffs of due process of law. The Court of Appeals in *Forsyth Citizens* was not called upon to pass upon any other constitutional question and there was no need for it to apply the tests which were used in *Texfi* and *Abbott*. It did acknowledge that the annexation would have been subject to constitutional review if the challenge to the annexation had been based on allegations of racial discrimination or the infringement of voting rights. We do not believe, read in this light that, as the Court of Appeals said, *Abbott* and *Forsyth Citizens* are inconsistent.

In this case the plaintiffs' only claim to the deprivation of a constitutional right is that they were denied the equal protection of the law because Chapter 818 does not annex other "property similarly situated . . . with the same or similar zoning, with the same or similar degree of development, with the same or similar uses, and with similar tax valuation as the property of Plaintiffs." The plaintiffs have cited no authority and we can find none that holds that the equal protection clause of the federal or state constitution requires that other similar land be annexed when municipal boundaries are extended. It would be inconsistent with Article VII, Sec. 1 of the Constitution of North Carolina which provides that the General Assembly shall fix the boundaries of cities if we were to so hold. It would also be inconsistent with

*Hunter v. Pittsburgh,* 207 U.S. 161, 52 L.Ed. 151 and *Lutterloh v. Fayetteville,* 149 N.C. 65, 62 S.E. 758. We hold it is not a denial of the equal protection of the law for a city to annex land without annexing other land similarly situated. It was error for the Court of Appeals to remand the case for a hearing on this question.

[2]  The plaintiffs also contend that Sec. 3 of Chapter 818 violates Article II, Sec. 24(1)(a) of the Constitution of North Carolina. Sec. 3 of Chapter 818 provides in part:

> [M]unicipal services shall be rendered to such territory in accordance with the requirements of G.S. 160A-47; and the provisions of G.S. 160A-49.1 governing contracts with rural fire departments and the provisions of G.S. 160A-49.3 governing contracts with private solid waste collection firms shall be applicable to such territory.

Article II, Sec. 24 of the Constitution of North Carolina provides:

> (1) *Prohibited subjects.* The General Assembly shall not enact any local, private, or special act or resolution:
>
> (a) Relating to health, sanitation, and the abatement of nuisances. . . .

The plaintiffs contend Chapter 818 violates Article II, Sec. 24(1)(a) of the Constitution of North Carolina because the provision regarding solid waste collection mandates the use of specific methods and procedures for implementing health and sanitation services. We begin our discussion of this question by quoting from *Matthews v. Blowing Rock,* 207 N.C. 450, 177 S.E. 429 (1934). In that case the plaintiffs alleged that a local act of the General Assembly which extended the boundaries of Blowing Rock violated the provision of our state constitution which proscribed the General Assembly from adopting local acts "authorizing the laying out, opening, altering, maintaining, or discontinuing of highways, streets or alleys." In that case the local act said that streets within the annexed area should "be kept up and maintained by said town, . . . ." This Court held that the plaintiff did not have standing to sue but said:

> We would not have it understood, however, that we intimate that if the complaint had contained sufficient allegations to the effect that taxes had been levied against his

property to lay out and maintain highways and streets, that the plaintiff could maintain this action, as the unlimited power in the General Assembly to provide by statute for the creation and extension of corporate limits of municipal corporations, would seem to include the right to vest in such municipal corporations the authority to levy taxes to lay out and maintain highways and streets within such limits, since they are essential to the existence of such corporations.

*Id.* at 452, 177 S.E. at 430.

N.C.G.S. §§ 160A-47, 160A-49.1 and 160A-49.3 are a part of Article 4A of Chapter 160 of the General Statutes of North Carolina and provide for the extension of municipal services to newly annexed areas of cities when the annexation occurs under the provision of the general law providing for annexation. The General Assembly has made these provisions applicable to this annexation by local act. N.C.G.S. § 160A-49.3 provides for the providing of solid waste collection in the annexed areas and it is this part of Chapter 818 which the plaintiffs contend is a local act relating to sanitation in violation of our state constitution.

N.C.G.S. § 160A-49.3 provides that under certain conditions if a solid waste collection firm has been providing services to the residents of the newly annexed area a city must contract with the firm to continue providing services or pay damages to the firm. The effect of Chapter 818 is to make a statute of statewide application applicable to the City of Greensboro in an annexation by local act. It does not subject the annexed area to a different treatment than it would have faced if the City had annexed the area under the general annexation law but assures that it will receive the same treatment. The purpose of Article II, Sec. 24 of the Constitution of North Carolina is to free the General Assembly of petty detail in adopting laws and to require uniform application of the law. *Idol v. Street*, 233 N.C. 730, 65 S.E. 2d 313 (1951); *Board of Health v. Comrs. of Nash*, 220 N.C. 140, 16 S.E. 2d 677 (1941).

*Gaskill v. Costlow*, 270 N.C. 686, 155 S.E. 2d 148 (1967), upon which the plaintiffs rely, is not helpful to them. In that case we held the petitioners were barred from attacking a local act which allowed the Town of Beaufort to extend its limits without providing sewer services otherwise required under the general annexation law. The sole purpose of the local act in *Gaskill* was to

exempt the Town of Beaufort from the application of a statewide law. The provision of Chapter 818 regarding solid waste collection is a small part of the chapter and it provides that Greensboro shall comply with the general law in regard to annexations.

We hold it was error for the Court of Appeals to reverse the superior court on the ground that Chapter 818, Sec. 3 violates Article II, Sec. 24 of the Constitution of North Carolina.

The Court of Appeals affirmed the dismissal of the third and fourth claims. The plaintiff did not appeal from this part of the opinion of the Court of Appeals and the propriety of the dismissal of these claims by the superior court is not before us. N.C.R. App. P. 10.

· We reverse and remand for remand to the Superior Court of Guilford County for the reinstatement of the judgment dismissing the action.

Reversed and remanded.