PINEWILD PROJECT LTD. P'SHIP v. VILLAGE OF PINEHURST

[198 N.C. App. 347 (2009)]

PINEWILD PROJECT LIMITED PARTNERSHIP; WILLIAM BRUFF; JEAN BRUFF; TOM
CLARK; TERRY CLARK; RICHARD DAVIS; NANCY DAVIS; STEVE DeSATNICK;
MERRY DeSATNICK; JOHN FLACK; DOROTHY FLACK; TERRY GANSE; KAREN
GANSE; FRANCIS GREGORY; MARY GREGORY; SANDI GRUIN; JOHN HEALY;
GWENDOLINE HEALY; JAMES W. HINDE, Trustee for the JAMES W. HINDE
TRUST; EARLE HIGHTOWER, LAURENE HIGHTOWER; JOHN JARRETT; LINDA
JARRETT; WILLIAM JELOCHEN; RICHARD JOHNSON; BARBARA JOHNSON;
PHILLIP KEEL; NANCY KEEL; GERALD LALLY; TATYANA LALLY; JIM MELLIOS;
FRAN MELLIOS; CHARLIE MARDIGIAN; SANDI MARDIGIAN; JAMES
McGILLAN; KATHLEEN McGILLAN; JC NORMAN; CONNIE NORMAN; ROBERT
NORMAN; VERN PIKE; RENNY PIKE; DANIEL POSSON; PONI POSSON; JIM
PRYOR; LOUISE PRYOR; WALT SANTILLI; DIANA SANTILLI; KOICHI SATO; DON
SCHNEIDER; MARY SCHNEIDER; DENNIS STRONJY; GAY STROJNY; DAVID
TREMBLAY; SANDRA TREMBLAY; DAVID WALKER; LYNN WALKER; WILLIAM
WENDT; HOPE WENDT; WILLIAM WRIGHT; SUZANNE WRIGHT, Petitioners-
Appellants v. VILLAGE OF PINEHURST, a North Carolina Municipality,
Respondent-Appellee

No. COA08-1288

(Filed 21 July 2009)

## 1. Cities and Towns— involuntary annexation—sufficiency of street maintenance and police and waste collection

The trial court did not err by granting summary judgment in
favor of respondent municipality even though petitioners contend
an annexation ordinance was improperly adopted by respondent
when the report allegedly did not properly address how respond-
ent would extend street maintenance and police and waste col-
lection services to the area to be annexed as required by N.C.G.S.
§ 160A-47(3) when the streets of the pertinent gated community
are privately owned and access to these streets may only be
obtained through permission of the property owners because: (1)
the requirements of N.C.G.S. § 160A-47(3) were met since
respondent maintains public streets at its expense and private
streets are maintained by their owners, respondent gave petition-
ers the option to either dedicate their streets to respondent and
receive the same level of maintenance provided other public
streets or keep petitioners' streets private and continue to main-
tain their streets at their expense, and both of these options were
substantially consistent with how respondent currently treated
public and private streets within its village limits; (2) in regard
to police and waste management services, the General Assembly
did not intend for N.C.G.S. § 160A-47(3) to provide private com-
munities with an avenue to defeat annexation by denying ac-

cess to municipal employees when all other requirements of that statute are met; and (3) whether petitioners choose to avail themselves of the offered services was a different matter not germane to this argument.

**2. Cities and Towns— involuntary annexation—meaningful extension of services**

The trial court did not err by granting summary judgment in favor of respondent municipality even though petitioners contend respondent's plan to extend services into the annexed area was conditioned on access which was not addressed in the annexation report and that an annexation plan must provide a meaningful extension of services because: (1) the issue of whether the report revealed an improper purpose for the annexation could not be reviewed on appeal since the Court of Appeals was constrained upon review to the specific issues stated in N.C.G.S. § 160A-50(f); (2) although petitioners contend the services in the annexation plan are not meaningful since petitioners might not allow respondent access to the private streets in order for respondent to provide the services outlined in the annexation plan, this argument has already been rejected by the Court of Appeals; (3) although petitioners contend the annexation plan does not adequately describe the current level of services in respondent's corporate limits and does not adequately describe whether or how such services are provided in similarly situated areas, petitioners abandoned this argument by failing to make further argument in support of this contention, and they provide no citations to legal authority in support of the contention that the annexation plan is statutorily required to include this information; and (4) a review of the annexation plan revealed it met the statutory requirements for the services respondent proposed to offer petitioners.

**3. Cities and Towns— involuntary annexation—public policy arguments**

Although petitioners contend the involuntary annexation of their gated community was inconsistent with public policy and with the involuntary annexation statutes, the review of the Court of Appeals was limited by N.C.G.S. § 160A-50(f) to a review of whether the annexation plan substantially complied with the annexation statutes enumerated in N.C.G.S. § 160A-50(f), petitioners made no arguments that the annexation was inconsistent

**PINEWILD PROJECT LTD. P'SHIP v. VILLAGE OF PINEHURST**

[198 N.C. App. 347 (2009)]

with the statutes, and petitioners' public policy arguments may not be addressed.

Appeal by Petitioners from order entered 15 November 2007 by Judge Gary E. Trawick and order entered 27 March 2008 by Judge Lindsay R. Davis, in Superior Court, Moore County. Heard in the Court of Appeals 8 April 2009.

*The Brough Law Firm, by Robert E. Hornik, Jr., for Petitioners-Appellants.*

*Van Camp, Meacham & Newman, PLLC, by Michael J. Newman; and Parker, Poe, Adams & Bernstein, L.L.P., by Anthony Fox and Benjamin Sullivan, for Respondent-Appellee.*

McGEE, Judge.

Respondent, a North Carolina municipality, adopted a resolution on 9 November 2005 to consider annexing Pinewild Country Club of Pinehurst (Pinewild), a gated community bordering the corporate limits of Respondent. Respondent created an "Annexation Area Services Plan for the Village of Pinehurst[,] Moore County, North Carolina[,]" dated 23 January 2007, detailing its plans for annexing Pinewild. Respondent adopted an annexation ordinance to involuntarily annex Pinewild on 15 June 2007. This annexation was to be effective on 30 June 2008. Petitioners, property owners in the Pinewild community, filed a petition for review of the annexation ordinance in Superior Court in Moore County on 9 August 2007, alleging, *inter alia*, that Petitioners would "suffer material injury by the failure of [Respondent] to comply with the applicable requirements of the annexation statutes[.]" Certain claims of Petitioners were voluntarily dismissed, and certain other claims were dismissed by order of the trial court on 15 November 2007. Respondent filed a motion for summary judgment on all remaining claims on 24 January 2008. The trial court granted Respondent's motion for summary judgment by order entered 27 March 2008. Petitioners appeal.

I.

*Standard of Review*

Within 60 days following the passage of an annexation ordinance under authority of this Part, any person owning property in the annexed territory who shall believe that he will suffer material injury by reason of the failure of the municipal governing board to comply with the procedure set forth in this Part or to meet the

requirements set forth in G.S. 160A-48 as they apply to his property may file a petition in the superior court of the county in which the municipality is located seeking review of the action of the governing board.

N.C. Gen. Stat. § 160A-50(a) (2007). When a petitioner contests the passage of an annexation ordinance:

> The review shall be conducted by the [trial] court without a jury. The [trial] court may hear oral arguments and receive written briefs, and may take evidence intended to show either
>
> (1) That the statutory procedure was not followed, or
>
> (2) That the provisions of G.S. 160A-47 were not met, or
>
> (3) That the provisions of G.S. 160A-48 have not been met.

N.C. Gen. Stat. § 160A-50(f) (2007).

> The scope of judicial review of an annexation ordinance adopted by the governing board of a municipality is prescribed and defined by statute. . . . These statutes limit the court's inquiry to a determination of whether applicable annexation statutes have been substantially complied with. When the record submitted in superior court by the municipal corporation demonstrates, on its face, substantial compliance with the applicable annexation statutes, then the burden falls on the petitioners to show by competent and substantial evidence that the statutory requirements were in fact not met or that procedural irregularities occurred which materially prejudiced their substantive rights. "In determining the validity of an annexation ordinance, the court's review is limited to the following inquiries: (1) Did the municipality comply with the statutory procedures? (2) If not, will the petitioners suffer material injury thereby? (3) Does the area to be annexed meet the requirements of G.S. 160A-48 . . .?"

*Huyck Corp. v. Town of Wake Forest*, 86 N.C. App. 13, 15, 356 S.E.2d 599, 601 (1987) (citations omitted); *see also Norwood v. Village of Sugar Mountain*, 193 N.C. App. 293, 297-98, 667 S.E.2d 524, 527-28 (2008).

> G.S. 160A-50(f) provides that a court, in reviewing annexation proceedings, may take evidence intended to show either that the statutory procedure set out in G.S. 160A-49 was not followed, or that the provisions of either G.S. 160A-47 or 160A-48 were not

met. The statutory procedure outlined in G.S. 160A-49 requires notice of a public hearing and sets out guidelines for the hearing which is to be held prior to annexation. G.S. 160A-47 requires the annexing city to prepare maps and plans for the services to be provided to the annexed areas. G.S. 160A-48 sets out guidelines for the character of the area to be annexed.

The North Carolina Supreme Court and the Fourth Circuit Court of Appeals have made it clear that *G.S. 160A-50(f) limits the scope of judicial review to the determination of whether the annexation proceedings substantially comply with the requirements of the statutes referred to in G.S. 160A-50(f).*

*Forsyth Citizens Opposing Annexation v. Winston-Salem,* 67 N.C. App. 164, 165, 312 S.E.2d 517, 518 (1984) (citations omitted) (emphasis added); *see also In re Annexation Ordinance # D-21927 etc.,* 303 N.C. 220, 229-30, 278 S.E.2d 224, 230-31 (1981).

Petitioners argue that the annexation ordinance was improperly adopted by Respondent, and that the trial court erred by granting summary judgment in favor of Respondent on this issue. Petitioners make numerous arguments on appeal, but our review is limited to whether the trial court correctly determined as a matter of law that Respondent substantially complied with the requirements of N.C. Gen. Stat. § 160A-50(f), or, in the alternative, as a matter of law whether there was any material prejudice to Petitioners as a result of any failure of substantial compliance on the part of Respondent.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." On a motion for summary judgment, "[t]he evidence is to be viewed in the light most favorable to the nonmoving party." When determining whether the trial court properly ruled on a motion for summary judgment, this court conducts a *de novo* review.

*Brown v. City of Winston-Salem,* 171 N.C. App. 266, 270, 614 S.E.2d 599, 602 (2005) (internal citations omitted).

II.

[1] In Petitioners' first argument, they contend that the report was insufficient in that it did not properly address how Respondent would

extend street maintenance and police and waste collection services to the area to be annexed, as required by N.C. Gen. Stat. § 160A-47(3), because the streets of Pinewild are privately owned, and access to these streets may only be obtained through permission of the Pinewild property owners. We disagree.

N.C. Gen. Stat. § 160A-47(3) (2007) states in relevant part:

(3) A statement setting forth the plans of the municipality for extending to the area to be annexed each major municipal service performed within the municipality at the time of annexation [shall be provided]. Specifically, such plans shall:

a. Provide for extending police protection, fire protection, solid waste collection and street maintenance services to the area to be annexed on the date of annexation on substantially the same basis and in the same manner as such services are provided within the rest of the municipality prior to annexation.

According to the report, Respondent owns and maintains approximately 105 miles of the 150 miles of streets currently contained within the village limits of Respondent. Certain streets contained within the village limits of Respondent are privately owned, and Respondent is not responsible for their maintenance. The report provides details concerning Respondent's resurfacing guidelines for the paved streets it currently owns. The report states:

Currently, the streets in the annexation area are private streets and will be treated as other private streets within the Village. If the annexation area elects to dedicate the streets to the Village and the Village accepts them, the additional street mileage will increase the costs to the Village for materials and maintenance, but will not require the addition of new employees. The dedication of the streets would require the annexation area to remove the gates in order for the roads to become public. If [Petitioners' homeowners' association] petitions the Village to accept existing streets into its system within 30 days of the effective date of annexation, the Village would not require the existing streets to be brought to Village standards for newly constructed streets. If the private streets are not dedicated to the Village pursuant to the aforementioned 30 day period, the Village will not incur any costs to maintain them nor shall there be any obligation for the Village to accept the streets in the future.

The report further states:

> On the effective date of annexation, all residents, businesses and property owners in the annexation area will be provided Village services on substantially the same basis and in the same manner as such services are provided within the rest of the Village before the annexation.

Both public and private streets are contained within the village limits of Respondent. Respondent maintains public streets at its expense, and private streets are maintained by their owners. Respondent is giving Petitioners the option to either dedicate their streets to Respondent and receive the same level of maintenance provided other public streets, or keep Petitioners' streets private and continue to maintain their streets at their expense. Both of these options are substantially consistent with how Respondent currently treats public and private streets within its village limits. We hold that the requirements of N.C. Gen. Stat. § 160A-47(3) were met by the report on this issue.

Petitioners next argue that the report fails the requirements of N.C. Gen. Stat. § 160A-47(3) because the report does not explain how Respondent could provide police and waste management services if Petitioners refuse to dedicate their streets to Respondent. Pinewild is currently a gated community, and access is limited to property owners and invitees of property owners. Petitioners argue that, absent express invitation, police and waste management workers would have no legal right of access to Pinewild and, therefore, Respondent cannot prove that it could extend police and waste management services to Petitioners.

Were we to adopt Petitioners' argument, a gated community—and theoretically any community with restrictions on access to its private roads—could not be annexed by a municipality if its residents simply refused to allow police, firefighters, waste collection workers, administrative officials or certain other municipal employees access to their private streets. We do not believe the General Assembly intended N.C. Gen. Stat. § 160A-47(3) to provide private communities with an avenue to defeat annexation by denying access to municipal employees, when all other requirements of that statute are met. This would create unacceptable inequities between the rights of citizens in private communities and those living on public roads.

Pinewild may choose to keep their streets private, and maintain their gates, but they may not, if annexed by Respondent, prevent

Respondent's employees from using the streets of Pinewild to perform their public duties. If Petitioners elect to keep their streets private, then Respondent shall treat Pinewild in substantially the same manner that Petitioner treats other private streets. That may mean that Respondent does not provide police or waste management services to Petitioners, and that Petitioners continue to contract for those services. Petitioners state in their brief:

> In other residential communities with private roads . . . [Respondent's] Police Department has been allowed access for patrol services. In [one community], [Respondent's] Police Department does not provide patrol services because [that community] has its own private "police."

Respondent included in its report

> [a] statement setting forth the plans of the municipality for extending to the area to be annexed each major municipal service performed within the municipality at the time of annexation . . . on substantially the same basis and in the same manner as such services are provided within the rest of the municipality prior to annexation.

N.C. Gen. Stat. § 160A-47(3). This is all that is required by the statute. Whether Petitioners choose to avail themselves of the offered services is a different matter not germane to this argument. Petitioners' first argument fails to show that the annexation report does not comply with N.C. Gen. Stat. § 160A-47(3). This argument is without merit.

III.

[2] In Petitioners' second argument, they contend the grant of summary judgment in Respondent's favor was improper because Respondent's "plan to extend services into the annexation area is conditioned on access, which has not been addressed in the annexation report[.]" We disagree.

Petitioners first argue that the report "reveals an improper purpose for the annexation and fails to satisfy the requirements of N.C. Gen. Stat. § 160A-47(3)[.]" As we are constrained upon review to the specific issues stated in N.C. Gen. Stat. § 160A-50(f), *supra*, whether or not the report reveals an improper purpose for the annexation is not an issue we may review on appeal. *Forsyth Citizens*, 67 N.C. App. at 165, 312 S.E.2d at 518; *see also In re Annexation Ordinance*, 303 N.C. at 229-30, 278 S.E.2d at 230-31 ("statements of policy [] should

not be treated as part of the procedure under G.S. 160A-50(a) and G.S. 160A-50(f)(1)").

Petitioners next argue that our Supreme Court's opinion in *Nolan v. Village of Marvin*, 360 N.C. 256, 624 S.E.2d 305 (2006), stands for the proposition that inherent in N.C. Gen. Stat. §§ 160A-45 and 160A-47 is the requirement that an annexation plan must provide a *"meaningful* extension of services." We note that the holding in *Nolan* was based on the fact that the *only* services proposed to be extended to the area to be annexed were administrative services. The Village of Marvin had no plan to extend police, fire, waste collection or other services to the area to be annexed. *Nolan*, 360 N.C. at 260, 624 S.E.2d at 308. Our Supreme Court held that the mere extension of administrative services provided no meaningful benefit to the area to be annexed.

> Our decision does not require an annexing municipality to provide all categories of public services listed in N.C.G.S. § 160A-35(3). We conclude only that the level of municipal services proposed in the Annexation Report prepared by the Village of Marvin is insufficient. Those part-time administrative services, such as zoning and tax collection, simply fill needs created by the annexation itself, without conferring significant benefits on the annexed property owners and residents.

*Id.* at 261-62, 624 S.E.2d at 308-09.

Petitioners contend that the services outlined in the annexation plan are not meaningful, because Petitioners might not allow Respondent access to Pinewild in order for Respondent to provide the services outlined in the annexation plan. We rejected this argument in our analysis of Petitioners' first argument, and find *Nolan* distinguishable, as Respondent's plan provides for the extension of all services enumerated in N.C. Gen. Stat. § 160A-35(3). *See Norwood*, 193 N.C. App. at 310-11, 667 S.E.2d at 535-36.

Petitioners further contend that the annexation plan does not adequately describe the current level of services in Respondent's corporate limits, and does not adequately describe "whether or how such services are provided in similarly situated areas[.]" Petitioners make no further argument in support of this contention, and they provide no citations to legal authority in support of the contention that the annexation plan is statutorily required to include this information. Petitioners have thus abandoned this argument. N.C.R. App. P.

28(b)(6); *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 200, 657 S.E.2d 361, 367 (2008). Furthermore, we have reviewed the annexation plan, and we hold that it meets the statutory requirements for the services Respondent proposes to offer Petitioners. This argument is without merit.

### IV.

[3] In Petitioners' third argument, they contend that "the involuntary annexation of Pinewild is inconsistent with public policy and with the involuntary annexation statutes." We disagree.

As noted *supra*, our review is limited by N.C. Gen. Stat. § 160A-50(f) to a review of whether the annexation plan substantially complies with the annexation statutes enumerated in N.C. Gen. Stat. § 160A-50(f). *See also In re Annexation Ordinance*, 303 N.C. at 229-30, 278 S.E.2d at 230-31 ("statements of policy [] should not be treated as part of the procedure under G.S. 160A-50(a) and G.S. 160A-50(f)(1)"); *Norwood*, 193 N.C. App. at 300-01, 667 S.E.2d at 527-28; *Huyck*, 86 N.C. App. at 15, 356 S.E.2d at 601. Petitioners make no arguments in this section of their brief, independent of their public policy arguments, that the annexation is inconsistent with the involuntary annexation statutes. We may not address Petitioners' public policy arguments. This argument is without merit.

In Petitioners' fourth argument, they contend that the legislative history of the involuntary annexation statutes supports their claim that Respondent's annexation of Pinewild would be contrary to public policy. We disagree.

As we have just held above, we may not review Respondent's annexation of Pinewild on public policy grounds. This argument is without merit.

Affirmed.

Judges HUNTER, Robert C. and BEASLEY concurred.